I agree with the majority's conclusion that the agreements under discussion implicate the Federal Arbitration Act; that the arbitration provisions that George C. Bowen, Jr., signed require him to submit his counterclaim to arbitration; and that SouthTrust Bank has not waived its right to demand arbitration of Bowen's counter-claim. I write separately simply to note that the broad scope of the language in these arbitration provisions encompasses all disputes that might arise between Bowen and SouthTrust, whether based on these agreements "or otherwise." Thus, although I believe that the discussion of the factual link between the first agreement and the subsequent agreements is helpful in demonstrating that the arbitration provisions encompass the dispute, I do not believe that it is necessary to the discussion. See Orkin Exterminating Co. v. Larkin,857 So.2d 97, 103 (Ala. 2003) ("[W]e have compelled the arbitration of disputes arising out of a previous transaction when it was clear that the parties in a subsequently executed arbitration agreement intended to arbitrate such disputes based upon the broad scope of the arbitration clause at issue.");Kenworth of Dothan, Inc. v. Bruner-Wells Trucking,Inc., 745 So.2d 271, 276 (Ala. 1999) ("[I]f the arbitration clause contains language stating that it applies to `all transactions between us' or `all business with us,' then we may apply the arbitration clause retroactively.").